IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JOHNNY CLIFTON MALOY**,

    Plaintiff,

vs.                                                                   CIV 13-0294 JB/KBM

**JUDITH M. ANGLIN;**
**S.J.C. MAGISTRATE JUDGE MOSSBERGER;**
**S.J.C. MAGISTRATE JUDGE CHARLEY,**

    Defendants.

## MAGISTRATE JUDGE'S ANALYSIS
## AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** comes before me on an Order of Reference issued pursuant to 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Virginia Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990), directing me to "perform any legal analysis required to recommend to the Court an ultimate disposition" of any motions filed in this case. *See* Doc. 6. Before the Court is pro se plaintiff Johnny Clifton Maloy's *Application to Proceed in District Court without Prepaying Fees or Costs* (hereinafter called a motion to proceed in forma pauperis "IFP") [Doc. 2].

Because of this motion, the Court must "review the affidavit and screen [his] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim

---

[1] **Within fourteen (14) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation. If no objections are filed, no appellate review will be allowed.**

on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). In reviewing the Complaint, I "will not supply additional facts, [or] construct a legal theory for [a] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

"[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. If the Court determines that "the allegation of poverty is untrue," or that a complaint filed without the prepayment of filing fees fails to state a claim, it must dismiss the case. *See* § 1915(e)(2)(A), (B); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n. 5 (10th Cir. 2006) (noting that dismissal of complaints under § 1915(e) is now mandatory).

Regarding the ability-to-pay prong of the IFP analysis, IFP status should be granted only if a plaintiff demonstrates that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

**I.      Maloy has not established indigency.**

Maloy, who is 59 years old and has no dependents, receives $823/month in disability benefits and $27/month in dividends from stock that he owns. *See* Doc. 2 at 1. He pays $410/month for rent and utilities, including his telephone, and $10/month for transportation. *See id.* at 4. Medicaid provides for his medical needs, and the State provides for his food. *See id.* He owns five vehicles, including a motorhome and four automobiles. *See id.* at 3. On these facts, Maloy has failed to show that he cannot, because of poverty, provide himself with the necessities of life and pay the filing fee.

*See Adkins*, 335 U.S. at 339. His application to proceed IFP should, therefore, be denied and his Complaint should be dismissed. *See* §1915(e)(2)(A); *Trujillo*, 465 F.3d at 1217 n. 5.

**II.     Maloy has failed to invoke the Court's subject-matter jurisdiction.**

Even if Maloy could show that he is indigent, the Court should dismiss his Complaint. "Federal courts are courts of limited jurisdiction, and the presumption is that they lack jurisdiction unless and until a plaintiff pleads sufficient facts to establish it." *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994). "[T]he party pleading jurisdiction must allege in his pleading the facts essential to show jurisdiction." *Id.* (internal quotation marks omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

It is extremely difficult to understand why Maloy is suing the Defendants. Maloy mentions the murder of his son in a California prison in 2011, which he states was accomplished allegedly to intimidate him by some unidentified person. *See* Compl. at 2. He alleges that Defendant Judith Anglin, a private individual, asked him "to forgive her and the Judges," stating that "all involved" only wanted the son to be beaten up - not murdered. *Id.* at 4. For relief, he asks that "the Records [be] changed to truthful facts;" that he be awarded $25 million dollars "to be divided equally between myself and four other family members;" and that "ALL of [his son's] internal organs [] be returned to his family to be buried with [his son.]" *Id.* at 5. He does not mention who has possession of his son's missing organs.

Maloy attaches to his Complaint several documents from his personal state criminal/DUI cases. The first four attachments are copies of his recent letters to San Juan County Magistrate Judge Karen Townsend, asking her to remove a code "25" from his records so that he can get his driver's license. *See* Compl. Doc. 2-1 at 1-6. In the second set of attachments are copies of traffic citations

issued to Maloy. *See id.* at 7-9. He attaches documents showing that his license was revoked in 2009; copies of blood-alcohol tests; and documents showing that the DA dropped DUI and other criminal charges against him in 2009 after a judge found him incompetent to stand trial. *See id.* 10-16. Maloy attaches documents related to an assault on him in 2008 by unknown individuals and criminal complaints filed against other individuals. *See id.* at 18-24; Doc. 2-2 at 1. He attaches more copies and duplicate copies of documents related to the 2009 criminal charges filed against him. *See* Doc. 2-2 at 2-28. These documents appear to have no relationship or relevance to his civil complaint.

Although Maloy filled out a form complaint invoking this Court's jurisdiction under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(c), his sparse allegations do not invoke the subject-matter jurisdiction of the court under those statutes and border on being delusional. His Complaint contains no allegations related to either of the San Juan County Magistrate Judges he has named as Defendants. And, based on the limited allegations, it appears that Ms. Anglin is a private, not a state, actor. To invoke the Court's subject-matter jurisdiction under § 1343(3) and § 1983, a plaintiff must allege facts showing that "some person has deprived him of a federally protected right;" and "that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

> [A] plaintiff's failure to properly allege a "state action" in a § 1983 complaint strips the district court of subject matter jurisdiction [] if jurisdiction is alleged under 28 U.S.C. § 1343(3). *See Elliott v. Chrysler Fin.*, 149 Fed. Appx. 766, 768-69 (10th Cir.2005); *see also Monks v. Hetherington*, 573 F.2d 1164, 1167 (10th Cir. 1978) ("There is no demonstration of state action and, therefore, no basis for civil rights jurisdiction [pursuant to 28 U.S.C. § 1343(3)] in the case at bar.").

*Mehdipour v. Matthews*, No. 10-6073, 386 Fed. App'x 775, 778 n.3, 2010 WL 2748802, *3 n.3 (10th

Cir. July 13, 2010) (unpublished).

Because Maloy has not alleged sufficient facts to invoke the Court's subject-matter jurisdiction, I recommend that the Court deny the motion to proceed IFP and dismiss the Complaint without prejudice.  *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216-18 (10th Cir. 2006) (noting that "[a] longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, as it did here, the dismissal must be without prejudice").

_____
**CHIEF UNITED STATES MAGISTRATE JUDGE**