IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHNNY CLIFTON MALOY,

    Plaintiff,

vs.

                                                                                                    No. CIV 13-0294 JB/KBM

JUDITH M. ANGLIN;
S.J.C. MAGISTRATE JUDGE MOSSBERGER;
S.J.C. MAGISTRATE JUDGE CHARLEY,

    Defendants.

**MEMORANDUM OPINION AND ORDER ADOPTING THE CHIEF MAGISTRATE JUDGE'S PROPOSED ANALYSIS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on the Chief Magistrate Judge's Analysis and Recommended Disposition, filed April 2, 2013 (Doc. 6)("A&RD"). The primary issue is whether the Court should adopt the recommendations of the Honorable Karen B. Molzen, Chief United States Magistrate Judge, to deny the pro-se Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, filed March 27, 2013 (Doc. 2)("Application"), and dismiss without prejudice his Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed March 27, 2012 (Doc. 1)("Complaint"). Because Plaintiff Johnny Clifton Maloy has not objected to Chief Magistrate Judge Molzen's A&RD, and because Chief Magistrate Judge Molzen's recommendations are not clearly erroneous, arbitrary, contrary to law, or an abuse of discretion, the Court will adopt Chief Magistrate Judge Molzen's A&RD, deny permission to proceed In Forma Pauperis ("IFP"), and dismiss without prejudice Maloy's Complaint.

**FACTUAL BACKGROUND**

As Chief Magistrate Judge Molzen sets forth in her A&RD,

> Maloy, who is 59 years old and has no dependents, receives $823/month in disability benefits and $27/month in dividends from stock that he owns. See Doc. 2 at 1. He pays $410/month for rent and utilities, including his telephone, and $10/month for transportation. See id. at 4. Medicaid provides for his medical needs, and the State provides for his food. See id. He owns five vehicles, including a motorhome and four automobiles. See id. at 3.

A&RD at 2. Chief Magistrate Judge Molzen summarized the factual allegations in Maloy's Complaint as follows:

> Maloy mentions the murder of his son in a California prison in 2011, which he states was accomplished allegedly to intimidate him by some unidentified person. See Compl. at 2. He alleges that Defendant Judith Anglin, a private individual, asked him "to forgive her and the Judges," stating that "all involved" only wanted the son to be beaten up - not murdered. Id. at 4. For relief, he asks that "the Records [be] changed to truthful facts;" that he be awarded $25 million dollars "to be divided equally between myself and four other family members;" and that "ALL of [his son's] internal organs [] be returned to his family to be buried with [his son.]" Id. at 5. He does not mention who has possession of his son's missing organs.
>
> Maloy attaches to his Complaint several documents from his personal state criminal/DUI cases. The first four attachments are copies of his recent letters to San Juan County Magistrate Judge Karen Townsend, asking her to remove a code "25" from his records so that he can get his driver's license. See Compl. Doc. 2-1 at 1-6. The second set of attachments are copies of traffic citations issued to Maloy. See id. at 7-9. He attaches documents showing that his license was revoked in 2009; copies of blood-alcohol tests; and documents showing that the DA dropped DUI and other criminal charges against him in 2009 after a judge found him incompetent to stand trial. See id. 10-16. He attaches documents related to an assault on him in 2008 by unknown individuals and criminal complaints filed against other individuals. See id. at 18-24; Doc. 2-2 at 1. He attaches more copies and duplicate copies of documents related to the 2009 criminal charges filed against him. See Doc. 2-2 at 2-28. These documents have no relationship or relevance to his civil complaint.

A&RD at 3-4.

## PROCEDURAL BACKGROUND

Citing Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948)(providing permission to proceed IFP should be granted only if a plaintiff demonstrates that he "cannot

because of his poverty pay or give security for the costs . . . and still be able to provide himself dependents with the necessities of life"), the Honorable Karen B. Molzen, Chief United States Magistrate Judge, recommends that the Court deny IFP.  She concludes that, based on Maloy's financial condition and ownership of many vehicles, "Maloy has failed to show that he cannot, because of poverty, provide himself with the necessities of life and pay the filing fee."  April 2, 2013 A&RD at 2.  Further, she recommends that Maloy's case be dismissed without prejudice because

> his sparse allegations do not invoke the subject-matter jurisdiction of the court under [42 U.S.C. § 1983 and 28 U.S.C. § 1343(c)] and border on being delusional. His Complaint contains no allegations related to either of the San Juan County Magistrate Judges he has named as Defendants.  And, based on the limited allegations, it appears that Ms. Anglin is a private, not a state, actor.

A&RD at 4 (citing Gomez v. Toledo, 446 U.S. 635, 640 (1980) and Mehdipour v. Matthews, No. 10-6073, 386 F. App'x 775, 778 n.3, 2010 WL 2748802, *3 n.3 (10th Cir. July 13, 2010) (unpublished)).

Finding no other allegations sufficient to invoke the Court's subject-matter jurisdiction, Chief Judge Molzen recommended that the Court deny Maloy's Application and dismiss his Complaint without prejudice pursuant to 28 U.S.C. § 1915(a)(1) and (e)(2), and Trujillo v. Williams, 465 F.3d 1210, 1224 (10th Cir. 2006).  Chief Judge Molzen instructed Maloy that, under 28 U.S.C. § 636(b)(1), he could file written objections to her analysis and recommendations, and that if he failed to do so within fourteen days after being served with a copy of the A&RD, "no appellate review will be allowed."  A&RD at 1 n.1.

## LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a magistrate judge for a recommended

disposition.  See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . .").  Rule 72(b)(2) governs objections: "Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Finally, when resolving objections to a magistrate judge's proposal, "the district judge must determine de novo any part the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).  As the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act, including judicial efficiency."  One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (citations omitted). In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished). In One Parcel, the Tenth Circuit, in accord with other courts of appeals, expanded the waiver rule to cover objections that are timely but too general. See One Parcel, 73 F.3d at 1060. The Supreme Court of the United States -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- has noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings. The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of the district court should perform when no party objects to the magistrate's report. See S. Rep. No. 94-625, pp. 9-10 (1976) (hereafter Senate Report); H. R. Rep. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter House Report). There is nothing in those Reports, however, that demonstrates an

>intent to require the district court to give any more consideration to the report than the court considers appropriate. Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates. Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975) (emphasis added) (hereafter Senate Hearings). The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice. See id., at 11 ("If any objections come in, . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order."). The Judicial Conference of the United States, which supported the *de novo* standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. See Senate Hearings, at 35, 37. Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review. There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (emphasis in original)(footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")(citations omitted). Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only

-6-

a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard"). In One Parcel, the Tenth Circuit that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule. See 73 F.3d at 1060- (citing cases from other circuits where district courts elected to address merits despite potential application of waiver rule, but circuit courts opted to enforce waiver rule).

Where a party files timely and specific objections to the magistrate judge's proposed findings and recommendation, "on [] dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980). "[I]n providing for a '*de novo* determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." United States v. Raddatz, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b); citing Mathews v. Weber, 423 U.S. 261, 275 (1976)). The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation," when conducting a de novo review of a party's timely, specific objections to the magistrate's report. In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995). "When objections are made to the magistrate's factual findings based on conflicting testimony or evidence . . . . the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing." Gee v. Estes, 829 F.2d 1005, 1008-09 (10th Cir. 1987). A district court must "clearly indicate that it is conducting a de novo determination" a party objects to the magistrate's report "based upon conflicting evidence or testimony." Gee v.

-7-

Estes, 829 F.2d at 1009.  On the other hand, a district court fails to meet the requirements of 28 U.S.C. § 636(b)(1) when it indicates that it gave "considerable deference to the magistrate's order."  Ocelot Oil Corp. v. Sparro Indus., 847 F.2d 1458, 1464 (10th Cir. 1988).  A district court need not, however, "make any specific findings; the district court must merely conduct a *de novo* review of the record."  Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000).  "[T]he district court is presumed to know that de novo review is required. . . .  Consequently, a brief order expressly stating the court conducted de novo review is sufficient."  Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996)(citing In re Griego, 64 F.3d at 583-84).  "[E]xpress references to de novo review in its order must be taken to mean it properly considered the portions of the record, absent some clear indication otherwise."  Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d 722, 724 (10th Cir. 1993).  The Tenth Circuit has previously held that a district court properly conducted a de novo review of a party's evidentiary objections when the district court's "terse" order contained one sentence for each of the party's "substantive claims" and did "not mention his procedural challenges to the jurisdiction of the magistrate to hear the motion."  Garcia v. City of Albuquerque, 232 F.3d at 766.  The Tenth Circuit has explained that brief district court orders that "merely repeat the language of § 636(b)(1) to indicate its compliance" are sufficient to demonstrate that the district court conducted a de novo review:

> It is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis.  We cannot interpret the district court's statement as establishing that it failed to perform the required de novo review.

In re Griego, 64 F.3d at 584.

Notably, because a district court may place whatever reliance it chooses on a magistrate's

proposed findings and recommendations, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," 28 U.S.C. § 636(b)(1), as "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations," United States v. Raddatz, 447 U.S. at 676)(emphasis omitted). See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d at 724-25 (holding that the district court's adoption of the magistrate judge's "particular reasonable-hour estimates" is consistent with the de novo determination that 28 § 636(b)(1) and United States v. Raddatz require).

Where no party objects to the magistrate judge's proposed findings and recommended disposition, the Court has, as a matter of course in the past and in the interests of justice, the magistrate judge's recommendations. In Pablo v. Soc. Sec. Admin., No. CIV 11-0132 JB/ACT, 2013 WL 1010401 (D.N.M. Feb. 27, 2013)(Browning, J.), the plaintiff failed to to the magistrate judge's proposed findings and recommended disposition and thus waived his right to appeal the recommendations, but the Court nevertheless conducted a review. The Court generally does not, however, "review the PF&RD de novo, because the parties have not objected thereto, but rather review[s] the recommendations to determine whether they are clearly arbitrary, obviously contrary to law, or an abuse of discretion." Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4. The Court, thus, does not determine independently what it would do if the issues had come before the Court first, but rather adopts the proposed findings and recommended disposition where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4. See Alexandre v. Astrue, No. CIV 11-0384 JB/SMV,

2013 WL 1010439, at *4 (D.N.M. Feb. 27, 2013)(Browning, J.)("The Court rather reviewed the findings and recommendations of the Honorable Stephan M. Vidmar, United States Magistrate Judge, to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an of discretion. The Court determines that they are not, and will therefore adopt the PFRD."); Trujillo v. Soc. Sec. Admin., No. CIV 12-1125 JB/KBM, 2013 WL 1009050, at *5 (D.N.M. Feb. 28, 2013)(Browning, J.)(adopting the proposed findings and conclusions, noting: "The Court did not review the ARD de novo, because Trujillo has not objected to it, but rather reviewed the . . . findings and recommendation to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, which they are not"). This review, which is deferential to the magistrate judge's work when there is no objection, nonetheless provides some review in interest of justice, and seems more consistent with the waiver rule's intent than no review at all a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates intent to require the district court to give any more consideration to the magistrate's report than court considers appropriate."). The Court is reluctant to have no review at all if its name is going at the bottom of the order adopting the magistrate judge's proposed findings and recommendations.

**ANALYSIS**

Maloy has filed no objections to the A&RD, and the time for filing them has now passed. See Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the disposition, a party may serve and file specific written objections to the proposed findings and recommendations."). Maloy, therefore, has failed to comply with the Tenth Circuit's

requirements to preserve any issue for appellate review. See One Parcel, 73 F.3d at 1060 (holding "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review"). The Court has reviewed Chief Judge Molzen's A&RD and the reasoning therein, and cannot say that Chief Judge Molzen's recommendations are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. See Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at * 4 (adopting the proposed findings and recommended disposition where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion."). Accordingly, there being no objections to the recommendation, the Court will adopt that decision as its own.

**IT IS ORDERED** that: (i) the Chief Magistrate Judge's Analysis and Recommended Disposition, filed April 2, 2013 (Doc. 6), is hereby adopted by the Court; (ii) the Plaintiff's Application to Proceed in District Court without Prepayment of Costs or Fees, filed March 27, 2013 (Doc. 2), is denied; and (iii) the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed March 27, 2013 (Doc. 1), is dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Johnny Clifton Maloy
Bloomfield, New Mexico

    *Plaintiff pro se*